**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose ESCOBAR–MARTINEZ,**
**Defendant–Appellant.**

No. 02–50498.

D.C. No. CR–02–00879–EFS.

United States Court of Appeals,
Ninth Circuit.

Submitted April 14, 2003.*

Decided April 21, 2003.

Before RYMER, KLEINFELD, and
FISHER, Circuit Judges.

MEMORANDUM**

Jose Escobar–Martinez appeals from his conditional guilty plea conviction and sen-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tence for attempted entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the district court erred by precluding Escobar–Martinez from presenting a necessity defense. *See United States v. Arellano–Rivera,* 244 F.3d 1119, 1125 (9th Cir.2001). We affirm.

A defendant must establish the existence of four elements to be entitled to a necessity defense: (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and (4) that there was no other legal alternative to violating the law. *Id.* at 1125–26. If the "defendant's offer of proof is deficient with regard to any of the four elements, the district judge must grant the motion to preclude evidence of necessity." *Id.* at 1126 (citation omitted).

The district court properly precluded invocation of a necessity defense because Escobar–Martinez failed to show, among other things, that he was under imminent threat of harm and that there was no legal alternative to his conduct. *See id.*

**AFFIRMED.**

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.